UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24997-Civ-KING/TORRES

INTERNATIONAL AEROSPACE
GROUP CORP.,

  Plaintiff,

vs.

EVANS MERIDIANS LTD.,

  Defendant/Counter-Plaintiff.
_____/

### ORDER ON DEFENDANT'S MOTION TO COMPEL

This matter is before the Court on Evans Meridians Ltd.'s ("Defendant") Motion to Compel ("Motion") [D.E. 20] complete answers to interrogatories against International Aerospace Group Corp. ("Plaintiff"). Plaintiff responded to Defendant's Motion on May 2, 2017. [D.E. 22]. Therefore, this Motion is now ripe for disposition. After careful consideration of the Motion, response, and relevant authority, and for the reasons discussed below, Defendant's Motion is **GRANTED in PART** and **DENIED in part**.[1]

---

[1]  This matter was referred to the undersigned Magistrate Judge by the Honorable James Lawrence King on April 20, 2017. [D.E. 21].

1

## I. BACKGROUND

This lawsuit was originally filed on December 1, 2016 [D.E. 1] and arises from the parties' attempt to complete a transaction for the sale of seven large jet engines.[2] The authenticity and formation of the contracts is undisputed. The only genuine disputes involve the parties' performance under the contract and the damages resulting therefrom. Both Plaintiffs' Complaint and the Counterclaims asserted by Defendant focus on the liabilities and remedies available due to three of the engines not being delivered by Plaintiff (who still has possession of the engines) to Defendant. Plaintiff claims that Defendant owes a balance on the transaction [D.E. 1-1 at ¶¶12, 23], while Defendant asserts that it paid the balance in full. Defendant further claims that Plaintiff failed to deliver the three engines [D.E. 7 at ¶¶ 86, 94], and, after delivery was not accomplished within 45 days of the required date, Defendant cancelled the contracts and demanded a refund. [D.E. 7 at ¶¶ 68-71, 79-82, 87, 95]. As it relates to Plaintiff's claim against Defendant for breach of contract, Defendant contends that Plaintiff had a duty to mitigate damages once the contracts were purportedly breached, and that Plaintiff is responsible for any diminished value of the engines from the date it claims that the contracts were breached. [D.E. 7 at ¶¶ 48-49].

On March 17, 2017, Defendant served Plaintiff its First Set of Interrogatories. After multiple extensions, and after the parties worked through disputes as to

---

[2] Defendant is a Florida corporation involved in the sale and leasing of aircraft engines, airframes, and component parts.

Plaintiff's initial responses, Plaintiff served its Amended Response to the First Set of Interrogatories on March 17, 2017. Because the Amended Response was allegedly deficient for several reasons, Defendant filed its Motion to Compel on April 19, 2017. [D.E. 20].

## II. APPLICABLE PRINCIPLES AND LAW

Under the Federal Rules, a party may pose interrogatories related to any matter into which Rule 26(b) allows inquiry, FED. R. CIV. P. 33(a)(2), request the production of any documents that fall within the scope of Rule 26(b), FED. R. CIV. P. 34(a), and serve requests to admit certain matters within the scope of Rule 26(b)(1), FED. R. CIV. P. 36(a)(1). Rule 26(b) also allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, *2015 Year–End Report on the Federal Judiciary 6* (2015)). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016). If the opposing party objects to interrogatories or requests, the requesting party may then file a motion to compel production pursuant to FED. R. CIV. P. 37, but only after its counsel, in good faith, confers with opposing counsel to resolve discovery disputes without court intervention. *See* FED. R. CIV. P. 37(a)(1).

The Federal Rules afford the Court broad authority to control the scope of

discovery, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011), but "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.3d 1545, 1547 (11th Cir. 1985). Courts must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules. *See Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases). The "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *State Nat'l Ins. Co. v. City of Destin*, 2015 WL 11109379, at *1 (N.D. Fla. Sept. 1, 2015).

However, while the scope of discovery is broad, it is not without limits. *See Washington v. Brown & Williamson Tobacco*, 959 F. 2d 1566, 1570 (11th Cir. 1992); *Rossbach v. Rundle,* 128 F. Supp. 2d 1348 (S.D. Fla. 2000) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978)). To show that the requested discovery is otherwise objectionable, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *See Rossbach*, 128 F. Supp. 3d at 1354 (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)).

Boilerplate objections and generalized responses are improper. *See Alhassid v. Bank of America*, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015). This

4

District has frequently held that objections which fail to sufficiently specify the grounds on which they are based are improper and without merit. *See, e.g., Taylor v. Bradshaw,* 2014 WL 6459978 (S.D. Fla. Nov. 14, 2014); *Abdin v. Am. Sec. Ins. Co.*, 2010 WL 1257702 (S.D. Fla. March 29, 2010). More specifically, objections simply stating that a request is "overly broad, or unduly burdensome" are meaningless and without merit. *Abdin*, 2010 WL 1257702 at *1 (quoting *Guzman* v. *Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008)).

In addition to the Federal Rules, Southern District Local Rule 26.1 controls the necessary procedure a party must follow when objecting to a request for production or asserting a claim of privilege. It requires that:

> All motions related to discovery, including . . . motions to compel discovery . . . shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, *may* constitute a waiver of the relief.

S.D. Fla. L.R. 26.1(i)(1) (emphasis added). On its face, Rule 26.1(i) is therefore plainly discretionary. While the "occurrence" of grounds for a motion tends to be the moment at which responses are filed, this is not always necessarily the case. *See, e.g.*, *Socas v. Northwestern Mut. Life Ins.*, 2008 WL 619322 (S.D. Fla. March 4, 2008) (finding that the "occurrence" triggering the motion to compel was when the requesting party examined certain documents months after their initial requests had been answered); *United States v. Polo Pointe Way, Delray Beach, Fl.*, 444 F. Supp. 2d 1258, 1261 (S.D. Fla. 2006) (finding that the "occurrence" at issue was a deposition

that took place after responses were filed).

In pertinent part, the Local Rules also provide that where a claim of privilege is asserted, the objecting party must prepare "a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection" except for "*written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.*" S.D. Fla. L.R. 26.1(g)(3)(C) (emphasis added). Furthermore, "[w]here a claim of privilege is asserted in objecting to any . . . production demand . . . and an answer is not provided on the basis of such assertion . . . [t]he attorney asserting the privilege shall . . . identify the nature of the privilege . . . being claimed." S.D. Fla. L.R. 26.1(g)(3)(B)(I).

### III. ANALYSIS

Defendant's Motion seeks to compel Plaintiff to provide better responses to Defendant's first set of interrogatories. Plaintiff takes issue with Defendant's Motion because it purportedly seeks to impose obligations on Plaintiff that are outside the boundaries of the Federal Rules of Civil Procedure. Plaintiff further contends that, had Defendant performed even a cursory review of the documents Plaintiff identified, then Defendant's Motion would not have been filed.

The primary issue throughout many of the interrogatories at issue is that Plaintiff relies on Federal Rule of Civil Procedure 33(d) as an exception to the

6

completeness requirement in responding to Defendant's interrogatories.[3] Rule 33(d) was first enacted in 1970 with the purpose to shift the time and cost burden of perusing documents from the producing party to the party seeking the information. *See Minter v. Wells Fargo Bank, N.A.*, 286 F.R.D. 273, 277 (D. Md. 2012) ("The Rule serves to put the burden of extracting and collating the information on the party seeking it in cases in which it would be time-consuming and expensive to extract data from the records.") (citation and quotation marks omitted).

In filing a motion to compel, the party seeking discovery "must make a prima facie showing that the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons." *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002). After a prima facie case has been made, the burden shifts to the producing to justify the use of Rule 33(d).

In order "for Rule 33(d) to apply, the burden of ascertaining the answer from the documents at issue must be substantially the same for either party. When one party is substantially more familiar with the documents at issue than the other, the burden will generally not be the same." *Id.* (citing *T.N. Taube Corp. v. Marine*

---

[3] Rule 33(d) provides "that, if the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, and the burden of ascertaining the answer would be substantially the same for either party, the responding party may answer by specifying the records in sufficient detail that must be reviewed and allowing the interrogating party a reasonable opportunity to examine and audit those records." *Jones Creek Inv'rs, LLC v. Columbia Cty., Georgia*, 2012 WL 12898402, at *5 n.9 (S.D. Ga. Nov. 8, 2012).

*Midland Mortg. Corp.*, 136 F.R.D. 449, 454 (W.D.N.C. 1991) ("An important—often key—factor in weighing the respective burdens on the parties is the interrogated party's familiarity with its own documents.")); *see also Reliance Ins. Co. v. Core Carriers, Inc.*, 2008 WL 2414041, at *3 (M.D. Fla. June 11, 2008) (determining that Rule 33(d) "allows a party to respond to an interrogatory by identifying business records from which the answer to the interrogatory may be derived so long as 'the burden of deriving or ascertaining the answer will be substantially the same for'" either party.) (citing FED. R. CIV. P. 33(d)). "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations." *Morock v. Chautauqua Airlines*, 2007 WL 4247767, *2 (M.D. Fla. Dec. 3, 2007).

"The producing party must satisfy a number of factors in order to meet its justification burden. First, it must show that a review of the documents will actually reveal answers to the interrogatories." *Elfindepan, S.A.*, 206 F.R.D. at 576. This means that the producing party must explain that the named documents contain all of the information requested. Second, the producing party must precisely specify for each interrogatory "the actual documents where [the] information will be found." *Id.* (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2178, at 336 (2d ed. 1994)). Because Plaintiff purportedly complied with Rule 33(d), Plaintiff argues that

8

Defendant's Motion has no merit and should be denied. We will discuss the parties' arguments in turn.

### A. *Interrogatory 1*

Defendant first seeks to compel Plaintiff to provide a better answer to interrogatory 1. Specifically, interrogatory 1 requests Plaintiff to "[i]dentify every payment by date, check or wire number, source, and amount received by you, from or on behalf of Evans, in connection with the sale of any and all aircraft engines to Evans by you, from January 1, 2012 to the present date." [D.E. 20]. Defendant argues that Plaintiff's discovery response is inadequate because it merely contains boilerplate objections that fail to articulate why the request is overboard or seeking irrelevant information. Although only three engines are at issue in this litigation, Defendant suggests that the contracts for those engines involve the sale of four additional engines. The payments and contracts purportedly overlap, and in order to prove that Plaintiff did receive the funds owed on the three engines (which Plaintiff allegedly disputes), Defendant claims that it must obtain proof of the sums paid under both contracts. This is why interrogatory 1 includes a broader time period for responsive information other than the 2013 contract for the three engines at issue. Relatedly, Plaintiff's privilege log identifies 2013 bank records being withheld, but allegedly does not identify whether any records were withheld for the years 2012, 2014, 2015, 2016, and 2017. For these reasons, Defendant argues that Plaintiff must provide a better response to interrogatory 1 and provide a clarifying

9

statement as to whether any responsive documents (other than 2013 materials) were withheld.

Plaintiff's response is that interrogatory 1 is vastly overbroad because it seeks information outside the relevant time period. More specifically, Plaintiff argues that interrogatory 1 seeks the discovery of financial information relating to transactions almost eighteen months before the execution of the contracts at issue. Nonetheless, in an effort to comply with interrogatory 1, Plaintiff produced highlighted bank records from October 1, 2013 through December 31, 2013. As for Defendant's argument that Plaintiff did not specify anything about the redacted bank records, Plaintiff argues that the documents produced amount to no more than twenty-five pages of records. As such, Plaintiff believes that the burden is extraordinarily light for the Defendant to locate the relevant information and that Defendant's Motion should be denied.

Plaintiff's response is well taken. Based on a thorough review of Plaintiff's amended responses to Defendant's interrogatories, the Court finds that the level of detail provided is specific enough to pass muster under Rule 33(d). *See*, *e.g.*, *LeBlanc v. Unifund CCR Partners, G.P.*, 2007 WL 2446900, at *2 (M.D. Fla. Aug. 23, 2007) ("As requested by the interrogatory and consistent with this rule, the Plaintiff should identify specific documents that are responsive to the interrogatory."). Plaintiff adequately explained in its response that the bank records relate specifically to the engines at issue and that they reflect the date, check or wire

10

number, source, and amount received. In other words, the response identifies where to find the information requested. Plaintiff also redacted the bank records (to presumably remove extraneous information) and highlighted them to assist the Defendant in locating the relevant information. Because Plaintiff provided a specific level of detail about the bank records in its discovery response, redacted the documents, and took the additional step of highlighting them for the Defendant, there is practically nothing more that Plaintiff could have done to comply with Rule 33(d). To this extent, Defendant's Motion is **DENIED**.[4]

### B. *Interrogatory 2*

As for interrogatory 2, Defendant seeks to compel Plaintiff to provide an amended answer and "[i]dentify what each payment identified in Interrogatory 1 was for, and detail which contract or invoice it related to." [D.E. 20]. Defendant argues that Plaintiff's objections are boilerplate and the limited records identified do not properly respond to the discovery request nor allow Defendant to match payments to specific contracts. Furthermore, Defendant suggests that two documents identified on Plaintiff's privilege log appear relevant to interrogatory 2 and should be produced.

---

[4] As for Defendant's contention that Plaintiff must identify whether any responsive documents were withheld on the basis of privilege – for the years 2012, 2014, 2015, 2016, and 2017 – Defendant's argument is persuasive. Plaintiff's confidentiality objections to Defendant's interrogatories would be improper if, in fact, Plaintiff withheld responsive documents. If no documents or information were actually withheld, a clarifying statement to that effect is necessary. If Plaintiff, however, relied on a privilege to withhold such materials, an amended privilege log is required for those documents. To this extent, Defendant's Motion is **GRANTED**.

11

Plaintiff's response is that Defendant is attempting to create unnecessary work. Plaintiff contends that the bank records produced show a date, amount, and reference number and that Defendant can simply cross reference these records with its own. As for the documents identified on Plaintiff's privilege log, Plaintiff notes that the materials are confidential commercial documents that cannot be produced because their disclosure would purposely lead to irreparable harm. More specifically, the privileged documents relate to Plaintiff's operations, financial health, and internal procedures.

Defendant's argument is, in part, persuasive because Plaintiff's discovery response fails to comply with Rule 33(d). Plaintiff's response merely indicates that it produced redacted bank records. The bank records themselves do not allow the Defendant to determine what each payment was for and its relationship to a contract or invoice. Many courts have found that vague references to documents do not suffice under Rule 33(d) in connection with a broad and detailed discovery request. *See Capacchione v. Charlotte–Mecklenburg Schools,* 182 F.R.D. 486 (W.D.N.C. 1998); *In re Bilzerian,* 190 B.R. 964 (Bankr. M.D. Fla. 1995). While Plaintiff suggests that locating an answer for interrogatory 2 is easier if Defendant cross-referenced the relevant documents, it is Plaintiff's discovery response that needs more detail to be in compliance with Rule 33(d). *See Brown v. Blue Cross & Blue Shield of Alabama,* 2014 WL 3519100, at *4 (W.D.N.C. July 15, 2014) ("A party seeking to utilize Rule 33(d) must specify for each interrogatory the documents that 'will actually reveal

answers to the interrogatories.'") (citing *Elfindepan, S.A.*, 206 F.R.D. at 576). To this extent, Defendant's Motion to compel a better answer to interrogatory 2 is **GRANTED**. As for Defendant's request for Plaintiff to produce two documents on Plaintiff's privilege log, Defendant provides no basis to support the relief requested and Defendant's Motion on this basis is **DENIED**.

### C.     *Interrogatory 3*

Next, Defendant seeks an amended answer to interrogatory 3. Specifically, interrogatory 3 states the following:

> For each of [the] engines 517538, 530167, and 690352, specify by date, amount, source of payment, and your account these payments were deposited into, each payment received by you from or on behalf of Evans, in connection with the sale of those three engines.

[D.E. 20]. Plaintiff claims that it fully complied with interrogatory 3 and produced documents/redacted bank records reflecting the date, check or wire number, source, and amount received by Plaintiff on behalf of Defendant within the relevant time period related to the engines in the discovery request. As such, Plaintiff contends that it identified and produced the responsive bank records – totaling fewer than twenty five pages – with dates, check or wire numbers, sources, and amounts displayed on their face. Because these documents purportedly provide the information responsive to Defendant's interrogatory, Plaintiff argues that it has met its discovery obligations and that Defendant's Motion should be denied.

Defendant takes issue with Plaintiff's response because Plaintiff has allegedly failed to identify specific records as requested and the records produced appear to be

13

limited in nature. But, Defendant's argument is unconvincing because, similar to interrogatory 1, the response specifically indicates that the redacted bank records provide all of the information requested and relate directly to the three engines in question. For these reasons, Defendant's Motion, as it relates to interrogatory 3 is **DENIED**.

### D. *Interrogatory 4*

Pursuant to Defendant's interrogatory 4 that requests Plaintiff to "[s]pecify and describe all efforts made by you and each date that effort occurred on, to deliver engines 517538, 530167 and 690352 to Evans," [D.E. 20] Defendant contends that Plaintiff's discovery response contains improper boilerplate objections. Defendant also takes issue with the fact that Plaintiff has not complied with Rule 33(d) because Plaintiff allegedly failed to identify which documents are responsive to the interrogatory.

In response, Plaintiff argues that Defendant's interrogatory is facially overboard and intrudes upon confidential information. Notwithstanding those objections, Plaintiff argues that it produced documents reflecting all of its efforts to deliver the three jet engines to Defendant including: Air Waybills, correspondence, shipment information, and invoices for the cost of transportation. As such, Plaintiff suggests the significance of these documents is facially apparent and requiring a written response by Plaintiff would constitute duplicative work.

The Court agrees that Plaintiff's response to interrogatory 4 is inadequate.

By relying solely on the documents produced, Plaintiff attempts again to skirt around Rule 33(d). Plaintiff's response to interrogatory 5 does not even explain generically the type of documents produced other than they are responsive to the discovery request. Accordingly, as to Defendant's interrogatory 4, Defendant's Motion is **GRANTED.** *See, e.g.*, *Unlimited Res. Inc. v. Deployed Res., LLC*, 2009 WL 1370778, at *3 (M.D. Fla. May 13, 2009) (finding that a party failed to provide "sufficient detail to enable [the opposing party] to locate the responsive documents").

### E. *Interrogatory 5*

Pursuant to Defendant's interrogatory 5 that requests Plaintiff to "[s]pecify and describe by date and actin taken, all efforts made by you to mitigate the damages you claim to have incurred in relation to the attempted sale of engines 517538, 530167, and 690352," [D.E. 20] Defendant contends that Plaintiff has failed to identify a single document that answers this discovery request. In addition, Defendant believes that there are a number of entries in the privilege log that Plaintiff identifies specifically as relating to the mitigation of damages. Although these documents may fall within a privilege, the "date and action taken" or the "efforts made" by Plaintiff to mitigate its claimed damages allegedly do not meet that criteria. Therefore, Defendant argues that Plaintiff should be compelled to answer this interrogatory and specify its attempts to mitigate damages.

Plaintiff argues in response that it identified and produced documents reflecting its efforts to mitigate damages including via Air Waybills, correspondence,

shipment information, and invoices for the cost of transportation. As such, Plaintiff suggests that it has met its burden of identifying and producing documents that, on their face, answer the interrogatory. Yet, Plaintiff's interrogatory response fails for the same reasons as articulated in interrogatory 4. There is nothing in the response that identifies the records in sufficient detail to enable the Defendant to locate and identify the responsive information. Moreover, the response calls for a more comprehensive showing of Plaintiff's efforts to mitigate damages than what the documents themselves could show. Accordingly, Defendant's Motion, as it relates to interrogatory 5, is **GRANTED**.[5]

### F. *Interrogatories 6 and 7*

In response to Defendant's interrogatories 6 and 7 that request Plaintiff to specify the fair market value of the three engines (including the location of the jet engines), Plaintiff contends that the interrogatories are seeking speculative information. More specifically, Plaintiff argues that the term "fair market value" is undefined in the discovery request and subject to many interpretations. Plaintiff points out that Defendant did not provide any geographical scope or limitation in the interrogatories, rendering an educated response impossible. Given the inherent variances in different markets, Plaintiff suggests that it should not be compelled to

---

[5] As for Defendant's suggestion, that some of the documents identified on Plaintiff's privilege log may not be privileged, there is nothing in Defendant's Motion that supports this conclusion other than the speculative assertion that the documents relate in some way to the mitigation of damages. Without more legal analysis or reasoning on why these documents should be produced, the Court has no basis to compel Plaintiff to produce these materials. As a result, Defendant's Motion, on this basis, must be **DENIED**.

answer these interrogatories until it has retained an expert. As such, Plaintiff requests an extension to answer these interrogatories until it has retained an expert who can properly respond with accurate information.

Defendant disputes the fact that Plaintiff cannot answer any part of the interrogatories. For example, Defendant notes that part of interrogatory 6 seeks information on the current location of each jet engine and that the information requested obviously does not approach a legal conclusion, privileged information, or the domain of an expert. Defendant also suggests that it would be acceptable for Plaintiff to answer the remainder of interrogatories 6 and 7 at a later date if the information is not currently known at this time.

Defendant's position is, in part, well taken. Plaintiff has not explained how the location of each jet engine requires the use of an expert, or how that information is any way speculative or privileged. Therefore, Defendant's Motion is **GRANTED** to the extent that Plaintiff is compelled to provide a complete response to interrogatory 6 on the current location of the jet engines. As for the remainder of interrogatories 6 and 7, Defendant's Motion is **GRANTED in PART** because Plaintiff has not properly explained why it cannot provide a lay opinion of the fair market value of the jet engines at this time. While it is persuasive that an expert can provide a more accurate/detailed analysis of the information requested, Plaintiff can certainly answer the interrogatories now and supplement its response at a later date. *See* FED. R. CIV. P. 26(e). And, in supplementing a response at a later time,

the parties are directed to work cooperatively to determine the most appropriate definition of "fair market value" to conserve judicial resources and avoid any future discovery dispute on this issue. In other words, Plaintiff should communicate with Defendant to the extent that there are any lingering questions on the information requested.

## G. *Interrogatory 9*

Pursuant to interrogatory 9 that requests Plaintiff to "[s]pecify by payee, date, amount and check or write number, each payment made by you to store, maintain, preserve, transport, or for any expense which you are otherwise claiming an entitlement to [sic] from Evans as damages, for engines 517538, 530167, and 690352," [D.E. 20] Defendant contends that Plaintiff's objections are boilerplate and insufficient. Specifically, Defendant argues that Plaintiff's assertion that the interrogatory seeks information not pertinent or relevant to the case is absurd. Defendant also alleges that Plaintiff has failed to specify which documents answer the interrogatory and that two entries on Plaintiff's privilege log should be produced because they appear relevant.

In response, Plaintiff argues that it identified and produced documents containing the relevant information, including correspondence, invoices, and ledgers. These documents purportedly speak for themselves and provide an excellent response to interrogatory 9. Plaintiff argues that the relatively low volume of the documents produced imposes a greater burden on Plaintiff to identify by specific

Bates stamp where the information is located than for Defendant to simply inspect the documents.  As for Defendant's request for documents on Plaintiff's privilege log to be produced, Plaintiff notes that the documents relate to a confidential settlement agreement that contains various terms and provisions.  As such, the disclosure of those documents would allegedly cause financial harm to Plaintiff and will likely affect the manner in which Plaintiff conducts its business in the future.  Because the information requested is available via other documents and discovery tools, Plaintiff argues that it should not be compelled to produce those documents.

After full consideration of the parties' arguments, it is clear that Plaintiff must supplement its discovery response and specify the records in greater detail so that Defendant can locate the relevant information.  As Plaintiff's response stands now, Plaintiff merely refers generically to the documents as "responsive," yet Rule 33(d) requires a level of sufficient detail in order for parties to comply with their discovery obligations.  While Plaintiff may believe that there is only a relatively low volume of documents at issue for interrogatory 9, it does not excuse Plaintiff's failure to comply with Rule 33(d).  In fact, the low volume of documents should make it an easier burden for Plaintiff to amend its response and provide a sufficient level of the documents produced.  If Plaintiff cannot meet this requirement, "it must provide a traditionally-styled answer to the interrogatory." *United States v. Peter R. Brown*

*Constr. Inc.*, 2012 WL 12903894, at *1 (M.D. Fla. Dec. 27, 2012). To this extent, Defendant's Motion is **GRANTED**.[6]

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Compel is **GRANTED in PART** and **DENIED in part**. Plaintiff is compelled to provide better responses to Defendant within twenty-one (21) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of May, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[6] As for Defendant's request to compel Plaintiff to produce documents on its privilege log that appear relevant, Defendant has again failed to support its argument with any support other than pure speculation. Moreover, Defendant's argument is devoid of any legal reasoning or case law that controls the discovery of privileged materials. Accordingly, Defendant's Motion as it relates to the discovery of privileged items in response to interrogatory 9 is **DENIED**.