UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-cv-24997-KING

INTERNATIONAL AEROSPACE
GROUP, CORP,

        Plaintiff,

v.

EVANS MERIDIANS, LTD,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant Evans Meridians, LTD's ("Evans") Motion for Summary Judgment (DE #33), filed on December 4, 2017. Therein, Evans seeks summary judgment on all of Plaintiff's claims for relief, and on Counts I and II of Evans's counterclaim. This matter is fully briefed,[1] and as discussed below, the Court finds that Evans' Motion should be granted, and summary judgment entered against Plaintiff on Counts I, II, and III of its Complaint,[2] and in favor of Evans on counts I and II of its Counterclaim.

### I. Background

This case arises out of the sale by Plaintiff of seven jet engines to Defendant, the completion of which sale was interrupted by the United States Government and allegations of sales or transfers of engines to Iran.

---

[1] Plaintiff has filed its Response in Opposition (DE #40), and Defendant has filed its Reply in Support of Summary Judgment (DE #42).
[2] On the same day it filed its Motion for Summary Judgment, Defendant filed a Motion for Judgment on the Pleadings directed at these same three counts. In light of the Court's grant of summary judgment as to these three counts, the Motion for Judgment on the Pleadings is moot.

1

Briefly stated, in a series of contracts[3] Plaintiff agreed to sell, and Defendant agreed to purchase, a total of seven airplane jet engines for the sum of $10,550,000. In the first contract, dated October 28, 2013 (the "First Agreement"), Plaintiff agreed to sell four engines (serial numbered 695244, 690251, 695219, and 530258). On December 23, 2013 the parties entered into an Addendum to the First Agreement which substituted one of the original four engines (690251, priced at $2,900,000) for a different engine (serial numbered 690352, and priced at $2,500,00). On November 25, 2013, the parties entered into a second contract (the "Second Agreement") for the purchase of three additional engines (serial numbered 517538, 530450, and 530167) for a total of $2,400,000.

Between October 25, 2013 and December 27, 2013, Defendant made payments to Plaintiff totaling $11,023,090.90 (inclusive of costs contemplated under the contracts). Accordingly, Defendant paid Plaintiff all moneys owed under the contracts. Plaintiff shipped all seven engines to Defendant, but only four of those seven engines were delivered (engines 695244, 695219, and 530258 from the First Agreement and Addendum thereto; and engine 530450 from the Second Agreement). One engine from the First Agreement and Addendum thereto (690352) and two engines from the Second Agreement (517538 and 530167) were not delivered because of a directive issued by the United States Government, as Defendant was under suspicion of attempting to ship engines to Iran.

Pursuant to the *force majeure* clauses in the Agreements, and because the engines could not be delivered, Defendant cancelled the contracts. Plaintiff did not refund to Defendant any of the moneys Defendant paid for the three engines it was not able to

---

[3] Which, having appended the contracts to its Complaint and having based its claims throughout the case upon, and having admitted in discovery that the agreements govern the parties' dispute, Plaintiff cannot now genuinely dispute—as it attempts to do in its opposition—which agreements govern.

2

deliver. Instead, Plaintiff kept those engines, and Defendant's funds, and has since re-sold two of the engines for a total of $940,000, and has stripped down and sold off for parts the third (for an undisclosed sum).

Plaintiff filed suit against Defendant, alleging three counts: (I) Breach of Contract, (II) Account Stated, and (III) Unjust Enrichment. Plaintiff's Complaint alleges, as relates to the Addendum to the First Agreement, that the engine substituted for (690251, priced at $2,900,000, replaced by engine 690352) remained priced at $2,900,000. Plaintiff alleges that Defendant failed to pay this amount, and accordingly owes a difference of $400,000. However, the Addendum, which Plaintiff attached and incorporated into its complaint, makes clear that the purchase price for this new engine is not $2,900,000, but $2,500,000—a difference of $400,000.

Defendant filed a Counterclaim against Plaintiff, alleging three counts of its own: (I) Breach of Contract based on Plaintiff's failure to deliver engine 690352 under the First Agreement and Addendum thereto or return the purchase price paid therefore, (II) Breach of Contract based on Plaintiff's failure to deliver engines 517538 and 530167 under the Second Agreement or return the purchase price paid therefore, and (III) unjust enrichment based upon Plaintiff's retaining the subject engines and the purchase money, and selling off those engines and retaining the proceeds of those sales as well.

## II. Summary Judgment Standard

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the

3

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). "In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine material fact and that it is entitled to judgment as a matter of law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Further, the existence of a "scintilla" of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, a court need not permit a case to go to a jury when the inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Matsushita*, 475 U.S. at 592–94; *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue

for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The Court must also determine whether the dispute about a material fact is indeed genuine, that is, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see, e.g., Marine Coatings of Ala., Inc. v. United States*, 932 F.2d 1370, 1375 (11th Cir. 1991).

### III. Discussion

Defendant has demonstrated that it is entitled to summary judgment on all of Plaintiff's claims for relief, and on Counts I and II of its Counterclaim. As a preliminary matter, in opposing Defendant's motion Plaintiff argues that summary judgment would be inappropriate because Plaintiff is in need of further discovery from Defendant. However, as detailed in the Court's Order Denying Plaintiff's Motion to Compel and for Extension of Time to Complete Discovery, Plaintiff's own delay—nearly 10 months after entry of the Scheduling Order—in seeking any discovery from Defendant is the chief reason for its lack of evidence necessary to prove its claims.

As to Plaintiff's claims for breach of contract and account stated, Defendant has demonstrated that it did pay Plaintiff all sums due under the Agreements for the purchase of the agreed upon engines, and that the $400,000 underpayment alleged in the Complaint is a function of an error in drafting the Complaint not in accordance with the terms of the agreements. With respect to Plaintiff's claim for unjust enrichment, Defendant has demonstrated that on this record Plaintiff cannot prove that Defendant was

5

unjustly enriched in any way, and in fact that it is Plaintiff who retained not only the subject engines, but also all purchase moneys paid therefor, as well as additional moneys for the re-sale of two of the engines, and stripping and re-sale of the third for parts. Accordingly, Defendant is entitled to summary judgment against Plaintiff on all three counts alleged in the Complaint.

As for Defendant's counterclaims for breach of contract against Plaintiff, it is undisputed and Plaintiff admits that it retained the three subject engines and has not refunded Defendant any of the purchase moneys paid therefore. Accordingly, Defendant is entitled to summary judgment against Plaintiff on Counts I and II of its Counterclaim.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment **(DE #33)** be, and the same hereby is, **GRANTED**. Defendant's Motion for Judgment on the Pleadings is **DENIED as moot**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 26th day of January, 2018.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc: All Counsel of Record